[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION APPLICATION TO DISCHARGE AND/OR TO REDUCE MECHANICS LIEN
The plaintiff instituted the present action to foreclose Mechanics Lien in the amount of $2800.00 placed upon property of the defendant. The defendant has then filed a motion for discharge or reduction on Mechanics lien. Under General Statutes § 49-35b the lien owner has initial burden establishing that there is probable cause to sustain the validity of the lien. Thereafter parties may be heard and proved by clear and convincing evidence the validity of the lien should not be sustained for the amount of the lien claims is as excessive and should be reduced.
The defendant owned property which was being leased to Ken Anderson and Anderson's mother, Cheryl Skirmont, guaranteed payment of the rent to the defendant. The defendant agreed not to charge Anderson rent for a certain period of time in exchange for Anderson arranging for the completion of certain home renovations. At the request of Anderson the plaintiff, Anthony Skirmont, repaired some dry wall in various rooms on the property.
Sometime after Anderson entered the property summary process proceedings were instituted. Stipulated agreements were entered in the summary process action. The defendant Anderson agreed that rent would not be charged for a period of time in exchange for Anderson arranging for completion of certain home renovations. The defendant claims that the agreed period of time was provided and the plaintiff claims that it was not. However neither Anderson nor Cheryl Skirmont testified with respect to the free rental.
The plaintiff did begin performing some work on the property. However, the plaintiff did not know when he began or stopped work and did not know how he calculated the $2800.00 claimed to be owed to him. No written agreements between any of the parties and the plaintiff had no expectation of ever being paid for the work that he performed on the property. CT Page 16220
The Mechanics Lien filed by the plaintiff was recorded on the Stratford land records on November 3, 2000. Under General Statutes § 49-34 it is necessary that the Mechanics Lien be filed 90 days after the lienor ceases to furnish materials or to perform services. Ninety days prior to the recordation date of the Mechanics Lien is August 5, 2000. In view of the fact that the plaintiff is unable to state when he started work or ceased work on the property he is unable to demonstrate that the lien is timely filed. See Feola v. Capitol Contractors, Inc., (Superior Court Judicial District of Waterbury, August 13, 1991) (Barnett, J.) (Submitted by defendant's counsel.) At one point during the trial the plaintiff testified that he may have begun the work in June and may have worked for a period of three weeks on the property.
Accordingly, the Mechanics Lien is hereby discharged.
___________________ RUSH, J. CT Page 16221